## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FTC SENSORS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| EMERSON ELECTRIC CO., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF FTC SENSORS, LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FTC Sensors, LLC files this Complaint for patent infringement against Defendant Emerson Electric Co., and alleges as follows:

## PARTIES

1.      Plaintiff FTC Sensors, LLC ("FTC") is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1400 Preston Road, Suite 475, Plano, Texas 75093-5186.

2.      Upon information and belief, Defendant Emerson Electric Co. ("Emerson") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 8000 West Florissant Avenue, P.O. Box 4100, St. Louis, Missouri 63136.   Emerson may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Emerson is subject to the specific personal jurisdiction of this Court's because FTC's claims for patent infringement against Emerson arise from Emerson's acts of infringement in the State of Texas.  These acts of infringement include selling infringing products in the State of Texas, placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Texas, and operating an interactive website facilitating the sale of infringing products in the State of Texas.  Therefore, this Court has personal jurisdiction over the Emerson under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Emerson has engaged in acts of infringement in the State of Texas described above sufficient to subject it to personal jurisdiction in this District if the district were a separate State.

## ASSERTED PATENTS

7.      On July 8, 2008, the United States Patent and Trademark Office issued United States Patent No. 7,397,369 ("the `369 Patent") entitled "Sensor and transmission control circuit in adaptive interface package," a true copy of which is attached as Exhibit 1.

8.      On April 13, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,696,870 ("the `870 Patent") entitled "Sensor and transmission control circuit in adaptive interface package," a true copy of which is attached as Exhibit 2.

9.      On April 16, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,421,621 ("the `621 Patent") entitled "Sensor and transmission control circuit in adaptive interface package," a true copy of which is attached as Exhibit 3.

10.     FTC is the owner by assignment of the Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## ACCUSED INSTRUMENTALITIES

11.     Emerson has made, imported, used, offering for sale, and/or sold certain "smart thermostat" devices and associated applications, including the Sensi Thermostat which infringes one or more claims of the Asserted Patents.  The Sensi Thermostat along with any other products that comprise a sensor module coupled to a configurable programmable interface module that executes instructions in response to a threshold signal and generates alerts, that comprise a sensor module coupled to a configurable programmable interface module that executes instructions in response to a threshold signal and generates alerts, or that sense environmental conditions in two power modes and signal an alert are referred to herein as the Accused Instrumentalities.

## FIRST CLAIM FOR RELIEF
### (Infringement of the `369 Patent)

12.     FTC incorporates paragraphs 1 through 11 as though fully set forth herein.

13.     Upon information and belief, Emerson has been and is now directly and/or indirectly infringing one or more claims of the `369 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

14.     More particularly, without limitation, upon information and belief, Emerson is now directly infringing one or more claims of the `369 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include a system comprising a sensor module coupled to a configurable programmable interface module that executes instructions in response to a threshold signal and generates alerts as described and claimed in the `369 Patent.

15.     In addition, or in the alternative, Emerson has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the `369 Patent in violation of 35 U.S.C. § 271(b).

16.     Emerson has been aware of the `369 Patent no later than the service of this complaint upon Emerson.

17.     Emerson has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the `369 Patent.  On information and belief, Emerson has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the `369 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

18.     On information and belief, Emerson's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities, the system comprising a sensor module for detecting two types of environmental threats using minimal

power coupled to an interface module that increases power to the sensor module and is coupled to a communication module that signals when a threshold is crossed as described and claimed in the `369 Patent.  Thus, Emerson's customers directly infringe by using the claimed systems of the `369 Patent by using the Accused Instrumentalities.  Because the use of the claimed systems is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial uses that do not infringe the `369 Patent.  In addition, Emerson provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the `369 Patent.  On information and belief, Emerson is aware at least as of the filing of this complaint that the Accused Instrumentalities use the claimed systems and, therefore, that Emerson's customers infringe the `369 Patent by using the Accused Instrumentalities.

19.      As a direct and proximate consequence of the acts and practices of the Emerson's infringing activities with regard to `369 Patent, FTC has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Infringement of the `870 Patent)

20.      FTC incorporates paragraphs 1 through 11 as though fully set forth herein.

21.      Upon information and belief, Emerson has been and is now directly and/or indirectly infringing one or more claims of the `870 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

22.      More particularly, without limitation, upon information and belief, Emerson is now directly infringing one or more claims of the `870 Patent by making, importing, using

(including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a). The Accused Instrumentalities include a system comprising a sensor module coupled to a configurable programmable interface module that executes instructions in response to a threshold signal and generates alerts as described and claimed in the `870 Patent.

23.     In addition, or in the alternative, Emerson has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the `870 Patent in violation of 35 U.S.C. § 271(b).

24.     Emerson has been aware of the `870 Patent no later than the service of this complaint upon Emerson.

25.     Emerson has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the `870 Patent. On information and belief, Emerson has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the `870 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

26.     On information and belief, Emerson's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities, the system comprising a sensor module coupled to a configurable programmable interface module that executes instructions in response to a threshold signal and generates alerts is used as described and claimed in the `870 Patent. Thus, Emerson's customers directly infringe by using the

claimed systems of the `870 Patent by using the Accused Instrumentalities.  Because the use of the claimed systems is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial uses that do not infringe the `870 Patent. In addition, Emerson provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the `870 Patent.  On information and belief, Emerson is aware at least as of the filing of this complaint that the Accused Instrumentalities use the claimed systems and, therefore, that Emerson's customers infringe the `870 Patent by using the Accused Instrumentalities.

27.     As a direct and proximate consequence of the acts and practices of the Emerson's infringing activities with regard to `870 Patent, FTC has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Infringement of the `621 Patent)

28.     FTC incorporates paragraphs 1 through 11 as though fully set forth herein.

29.     Upon information and belief, Emerson has been and is now directly and/or indirectly infringing one or more claims of the `621 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

30.     More particularly, without limitation, upon information and belief, Emerson is now directly infringing one or more claims of the `621 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include

the systems and/or methods for sensing environmental conditions in two power modes and signaling an alert as described and claimed in the `621 Patent.

31.     In addition, or in the alternative, Emerson has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the `621 Patent in violation of 35 U.S.C. § 271(b).

32.     Emerson has been aware of the `621 Patent no later than the service of this complaint upon Emerson.

33.     Emerson has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the `621 Patent.  On information and belief, Emerson has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the `621 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

34.     On information and belief, Emerson's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities, the systems and methods for sensing environmental conditions in two power modes and signaling an alert are performed as described and claimed in the `621 Patent.  Thus, Emerson's customers directly infringe the claimed systems and methods of the `621 Patent by using the Accused Instrumentalities.  Because the performance of the claimed systems and/or methods for sensing environmental conditions in two power modes and signaling an alert is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any

substantial uses that do not infringe the `621 Patent. In addition, Emerson provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the `621 Patent. On information and belief, Emerson is aware that the Accused Instrumentalities perform the claimed system and/or methods for sensing environmental conditions in two power modes and signaling an alert and, therefore, that Emerson's customers infringe the `621 Patent by using the Accused Instrumentalities.

35.     As a direct and proximate consequence of the acts and practices of the Emerson's infringing activities with regard to `621 Patent, FTC has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, FTC hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, FTC requests the following relief:

(a)     A judgment in favor of FTC that Emerson has directly infringed and/or has indirectly infringed by way of inducement of one or more claims of the Asserted Patents;

(b)     A judgment and order requiring Emerson to pay FTC damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements;

(c)     A judgment awarding FTC its costs as provided under Fed. R. Civ. P. 54(d)(1);

(d)      A judgment awarding FTC post-judgment royalties; and

(e)      Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: November 30, 2015

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

> */s/ Eric W. Buether*
> Eric W. Buether (Lead Counsel)
> State Bar No. 03316880
> Eric.Buether@BJCIPLaw.com
> Christopher M. Joe
> State Bar No. 00787770
> Chris.Joe@BJCIPLaw.com
> Mark D. Perantie
> State Bar No. 24053647
> Mark.Perantie@BJCIPLaw.com
>
> 1700 Pacific Avenue
> Suite 4750
> Dallas, Texas 75201
> Telephone:      (214) 466-1271
> Facsimile:      (214) 635-1827

**ATTORNEYS FOR PLAINTIFF
FTC SENSORS, LLC**